IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. SONIA MARGARITA GANGOTENA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-3538 |
| | § | |
| BLINN COLLEGE AND DR. MARCELO | § | JURY DEMANDED |
| BUSSIKI, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Sonia Margarita Gangotena ("Dr. Gangotena") brings this action against Defendant Blinn College ("Blinn") to address gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, and Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681, *et seq.* and the implementing regulations promulgated under Title IX. Dr. Gangotena also brings this action against Defendants Blinn College and Dr. Marcelo Bussiki ("Dr. Bussiki") for violation of her civil rights, pursuant to Fourteenth Amendment and 42 U.S.C. §1983, by depriving her of her right to equal treatment of the law and of her right to be free from discrimination on account of gender and sexual harassment, retaliating against her for complaining about the mistreatment, discrimination and sexual harassment, and creating a hostile work environment in violation of state and federal law. In support of her Complaint, Dr. Gangotena would show the Court as follows:

## 1. INTRODUCTION

1.1.    Dr. Gangotena demands a jury trial in this case as to any and all issues triable to a jury.

1.2.     Dr. Gangotena has been a professor at the Blinn College Bryan Campus since 1998. During her tenure at Blinn College, Dr. Gangotena has been a victim of a pervasive pattern of mistreatment, discrimination and sexual harassment by Defendant Dr. Marcelo Bussiki, who is the Dean of Fine Arts at Blinn College and, for years, Dr. Gangotena's supervisor.

1.3.     Dr. Gangotena has complained both orally and in writing to Blinn College about Dr. Bussiki's offensive and sexually harassing conduct. After reporting the mistreatment, discrimination and sexual harassment to Blinn College, Blinn College has failed to take adequate steps to stop the behavior and, instead, has retaliated against Dr. Gangotena for having complained about Dr. Bussiki's actions. Dr. Bussiki continues to sexually harass and discriminate against Dr. Gangotena.

## 2. <u>JURISDICTION AND VENUE</u>

2.1.     The Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1343.  The jurisdiction of this Court is invoked pursuant to Title VII, Title IX, the United States Constitution, particularly the Fourteenth Amendments and the subsequent remedial legislation enacted pursuant thereto, as codified at 42 U.S.C. §§ 1983 and 1988.

2.2.     Venue is appropriate in the United States District Court for the Southern District of Texas, in that the Defendants have significant contacts within this District, the Plaintiff resides within this District, and the events that gave rise to this cause of action occurred in this District.

2.3.     All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a Notice of Right to Sue from the United States Department of Justice Civil Rights Division ("DOJ.") This lawsuit is being filed within ninety (90) days of the receipt of the Notice from the DOJ.

### 3. __PARTIES__

3.1.    Plaintiff Dr. Sonia Margarita Gangotena is a resident of Bryan, Brazos County, Texas.

3.2.    Defendant Blinn College is a public educational institution of higher learning located in Brenham and Bryan, Texas and is the recipient of federal funding. Service is being withheld at this time under Rule 4(d) of the Federal Rules of Civil Procedure.

3.3.    Defendant Dr. Marcelo Bussiki is the Dean of Fine Arts at Blinn College. Dr. Bussiki acted under color of state law and is being sued in both his individual and official capacities.  Service is being withheld at this time under Rule 4(d) of the Federal Rules of Civil Procedure.

### 4. __FACTS__

4.1.    Blinn College, the Junior College District of Washington County, is located in Brenham, Texas, and serves a 13 county service area with campuses in Bryan, Sealy and Schulenburg. Blinn College is one of the public junior/community college districts in Texas. Blinn College offers academic transfer, workforce training and continuing education classes for more than 19,000 students on its four campuses and its comprehensive online course offerings.

4.2.    Plaintiff Dr. Gangotena has been a professor at the Blinn College Bryan Campus since 1998. Prior to joining Blinn College, Dr. Gangotena taught courses at Texas A&M University, the University of Minnesota, and the University of Houston-Downtown.

4.3.    At Blinn College, Dr. Gangotena teaches public speaking and other communication courses. She has been member of the Bryan Blinn Professional Association, and has served as the Association's president. Dr. Gangotena has also been a member of the Professional Development Committee, Secretary of the Blinn College Assessment Council, and

Secretary of the Blinn Faculty Senate. Dr. Gangotena also represents the Texas Community College Association at Blinn College.

4.4.    For over a decade, Dr. Gangotena has been a victim of a pervasive pattern of mistreatment, discrimination and sexual harassment and retaliation by Defendant Dr. Marcelo Bussiki, who is the Dean of Fine Arts at Blinn College and, for years, Dr. Gangotena's immediate supervisor. The acts of discriminatory conduct and harassment by Dr. Bussiki include, but are not limited to, (a) the invasion of Dr. Gangotena's personal space, (b) assault and attempted physical contact, (c) lewd and offensive conduct and masturbation in Dr. Gangotena's office, (d) bullying and intimidation, and (e) threats of retaliation if Dr. Gangotena complained about his conduct and behavior.

4.5.    Despite Dr. Bussiki's threats of retaliation, Dr. Gangotena complained both orally and in writing to Blinn College. Dr. Gangotena asked Blinn College to investigate Dr. Bussiki's behavior and conduct and requested that it take the necessary steps to cause Dr. Bussiki to stop his pattern of discrimination and sexual harassment. Instead of offering to take the necessary steps to stop Dr. Bussiki, Blinn College suggested that Dr. Gangotena might want to leave the College. When Dr. Gangotena indicated that she did not want to leave Blinn College, Blinn College asked her not to attend faculty division and department meetings since Dr. Bussiki might be present. Finally, Blinn College threatened Dr. Gangotena with termination of employment if she discussed her complaints with others.

4.6.    Despite her complaints to Blinn College, Dr. Bussiki continues to sexually harass and discriminate against Dr. Gangotena. Additionally, Dr. Bussiki has, with Blinn College's knowledge and apparent approval, reduced her course load, interrupted her while teaching, hindered her use of supplemental materials in her courses, and made false complaints about Dr.

Gangotena and her performance. Following her complaints, Blinn College has attempted to deny her compensation for substitute teaching, has denied Dr. Gangotena accommodations to her teaching schedule which others have received, has delayed providing approval for business-related travel expenses, issued a negative performance evaluation, and has unfairly scrutinized her for having voiced complaints. Dr. Gangotena believes that Blinn College's action and pattern of conduct is designed to force her to quit.

4.7.    When it became apparent that Blinn College would not take the steps necessary to stop Dr. Bussiki's pattern of mistreatment, discrimination and sexual harassment – and instead began to retaliate against Dr. Gangotena for having voiced her complaints, Dr. Gangotena filed a Charge of Discrimination against Blinn College alleging sexual harassment and gender discrimination and retaliation. The Department of Justice has issued a Notice of Right to Sue, and this lawsuit is being filed within ninety (90) days of receipt of the Notice of Right to Sue.

## 5.  CAUSES OF ACTION

A.    DISCRIMINATION IN VIOLATION OF TITLE VII.

5.1.    Dr. Gangotena incorporates by reference all preceding facts as set forth above in Paragraphs 4.1 through 4.7.

5.2.    During her employment, Dr. Gangotena has been subjected to unlawful discrimination and sexual harassment because of her gender.

5.3.    Blinn College has intentionally engaged in gender discrimination and sexual harassment made unlawful by Title VII.

5.4.    Dr. Gangotena has suffered damages as a result of the unlawful discrimination and sexual harassment, including lost earnings and benefits, emotional pain, suffering, personal

and professional embarrassment, loss of enjoyment of life, inconvenience, and all other damages as permitted at law.

**B.     RETALIATION IN VIOLATION OF TITLE VII.**

5.5.    Plaintiffs incorporate by reference all preceding facts as set forth above in Paragraphs 4.1 through 4.7.

5.6.    After voicing complaints of discrimination and sexual harassment, Blinn College has retaliated against Dr. Gangotena.

5.7.    Blinn College's actions, acting by and through its agents and employees, constitute retaliation made unlawful under Title VII.

5.8.    Dr. Gangotena has suffered damages as a result of the unlawful retaliation, including lost earnings and benefits, emotional pain, suffering, personal and professional embarrassment, loss of enjoyment of life, inconvenience, and all other damages as permitted at law.

**C.     DISCRIMINATION IN VIOLATION OF TITLE IX.**

5.9.    Dr. Gangotena incorporates by reference all preceding facts as set forth above in Paragraphs 4.1 through 4.7.

5.10.   Blinn College is a public educational system that receives federal financial assistance from the United States government and is subject to the applicability of Title IX of the Education Act of 1972, 20 U.S.C. § 1681.

5.11.   Dr. Gangotena, as a female, is a member of a protected class under Title IX.

5.12.   Blinn College is vested with the power and authority to address the discrimination and harassment and to have instituted corrective measures on Dr. Gangotena's behalf. Blinn College, however, failed to institute corrective measures.

5.13.    Dr. Gangotena has been subjected to severe, pervasively hostile, and objectively offensive sexual harassment, as well as gender discrimination. Dr. Gangotena did not request or invite this conduct and regarded it as undesirable and offensive.

5.14.    Blinn College, acting by and through its agents and employees, has intentionally engaged in gender discrimination and sexual harassment made unlawful by Title IX. The gender discrimination and sexual harassment has undermined and detracted from Dr. Gangotena's ability to educate. The negative impact includes, but is not limited to, trying to figure out ways to avoid her harasser and feeling helpless due to the lack of action by Blinn College. Blinn College had actual knowledge of, and was deliberately indifferent to, the discrimination and sexual harassment endured by Dr. Gangotena.

5.15.    As a direct and proximate result of Blinn College's deliberate indifference to the reported acts of severe and objectively inappropriate gender discrimination and sexual harassment that occurred under Defendants' control, Dr. Gangotena has suffered damages, including lost earnings and benefits, emotional pain, suffering, personal and professional embarrassment, loss of enjoyment of life, inconvenience, and all other damages as permitted at law.

**D.    VIOLATION OF FOURTEENTH AMENDMENT/ SECTION 1983.**

5.16.    Plaintiffs incorporate by reference all preceding facts as set forth above in Paragraphs 4.1 through 4.7.

5.17.    Defendants violated Plaintiffs' rights under the Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

5.18.    As a female, Dr. Gangotena is a member of an identifiable class.

5.19.    Blinn College and Dr. Bussiki, acting under color of law and acting pursuant to customs, practices and policies, official and/or unofficial, deprived Dr. Gangotena of rights and privileges secured to her by the Fourteenth Amendment to the United States Constitution and by other laws of the United States, by failing to provide equal protection in violation of 42 U.S.C. § 1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

5.20.    Blinn College has failed to adequately train its employees regarding responding to and conducting investigations of sexual harassment and discrimination. This failure to train its employees in a relevant respect reflects a deliberate indifference to the rights of the female faculty members such as Dr. Gangotena and is actionable under 42 U.S.C. § 1983.

5.21.    Blinn College has a policy, practice, or custom, official and/or unofficial, that provides less protection (e.g., by not responding at all or purposefully delaying its response) to complaints involving female victims of suspected sexual harassment.

5.22.    Defendants, acting through official and/or unofficial policies, practices, and/or customs, and with deliberate, callous, and conscious indifference to Dr. Gangotena's constitutional rights failed to implement the policies, procedures, and practices necessary to provide constitutionally adequate protection and assistance to Dr. Gangotena during her pleas for assistance and implemented policies, procedures, and practices that actually interfered with or prevented Dr. Gangotena from receiving the protection, assistance and care she deserved.

5.23.    For instance, the following conduct, policies, and accepted customs, inter alia, by Defendants violated Dr. Gangotena's constitutional rights:

a.    Blinn College's failure to adequately train employees how to properly recognize and prevent improper discrimination and sexual harassment;

b.      Failure to properly discipline its employees;

c.      Failure to protect Dr. Gangotena from known sexual harassment and discrimination;

d.      Failure to follow the requirements of federal and state law requiring the establishment of a sexual harassment and discrimination policy, as well as failure to train on the policies and failure to report suspected violations; and

e.      Failure to properly train teachers, administrators and other staff on the official policies regarding sexual harassment and discrimination and other applicable policies.

5.24.   Dr. Bussiki acted independently during some of the conduct or omissions complained of herein and within the general scope of his employment during other conduct or inaction.

5.25.   As a direct and proximate result of Defendants' unlawful conduct, Dr. Gangotena has suffered damages, including lost earnings and benefits, emotional pain, suffering, personal and professional embarrassment, loss of enjoyment of life, inconvenience, and all other damages as permitted at law.

## 6.  DAMAGES AND ATTORNEYS' FEES

6.1.    Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Dr. Gangotena, for which she seeks recovery through this Complaint:

a.      Actual damages;

b.      Equitable relief, including that Blinn College be required to initiate policies and training to enable staff to recognize and promptly investigate and harassment and discrimination;

9

c.     Damages for denial of access to an educational environment free from sexual harassment and discrimination;

d.     Compensatory damages for past, present, and future medical expenses for physical, emotional and mental health;

e.     Damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish;

f.     Loss of earnings and contributions;

g.     Exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;

h.     Pursuant to Title VII, Title IX, 42 U.S.C. §§ 1983, 1988, 20 U.S.C. §1681, and other applicable laws, Dr. Gangotena should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

i.     Prejudgment interest; and

j.     Post judgment interest.

## 7. **<u>PRAYER</u>**

7.1.    WHEREFORE, PREMISES CONSIDERED, Plaintiff Dr. Sonia Margarita Gangotena respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause she have the following relief:

7.2.    All damages which she has sustained as a result of Defendants' conduct, including lost past and future benefits, compensatory and punitive damages;

7.3.     Compensation for any and all future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

7.4.     Pre-judgment and post-judgment interest at the highest legal rate until paid;

7.5.     Reasonable and necessary attorneys' fees;

7.6.     Costs and expenses; and

7.7.     Such other and further relief, at law or in equity, general or special to which she may show herself justly entitled.

Respectfully submitted,

**SHELLIST LAZARZ SLOBIN LLP**

By:*/s/ J. Alfred Southerland*
     J. ALFRED SOUTHERLAND
     State Bar No. 18860050
     alfsoutherland@sls-lawyers.com
     11 Greenway Plaza, Suite 1515
     Houston, Texas 77046
     Telephone: (713) 621-2277
     Facsimile:  (713) 621-0993

**ATTORNEYS FOR PLAINTIFF**