United States District Court
Southern District of Texas
**ENTERED**
May 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SONIA MARGARITA GANGOTENA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-3538 |
| | § | |
| BLINN COLLEGE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

**I.**

This case is again before the Court but only on the defendant's, Blinn College, motion for summary judgment [DE# 33].[1] The claims against the defendant are brought under Title VII for retaliation and gender discrimination. The Court has reviewed the motion but finds that the plaintiff has failed to file a response opposing the defendant's motion. Therefore, the Court will take the fact that the plaintiff has failed to file a response to mean that she does not oppose the motion. *See* [S.D. Tex. L.R. 7.3]. Nevertheless, the Court, in the interest of justice, will review the defendant's motion and arguments for merit.

**II.**

As stated earlier, the plaintiff has not filed a response to the defendant's motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken as a representation of no opposition." S. D. Tex. L.R. 7.4. Notwithstanding the plaintiff's failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank*

---

[1] Previously the Court dismissed the plaintiff's sexual harassment Title IX and 14th Amendment claims. As well, the Court dismissed the plaintiff's claims against Dr. Marcelo Bussiki and invited the plaintiff to amend her pleadings if she was determined to pursue claim(s) against him. The plaintiff has failed to amend her pleadings and failed to respond to the defendant's motion for summary judgment.

*v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776, F.2d at 1279). To this end, the defendant, as '[t]he movant[,] has the burden of establishing the absence of a genuine issue of material fact and, unless [it] has done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is appropriate, a court may accept as undisputed the fact set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted).

### III.

To prevail on her discrimination claim, the plaintiff must establish that she engaged in protected activity, activity protected by Title VII, that she suffered a materially adverse employment action and that the protected activity caused the adverse action. *See LeMaire v. Louisiana Dep't. of Transp.*, 380 F.3d 383, 388 (5th Cir. 2007). The evidence and pleadings do not support the elements of her claim as explained hereafter.[2]

The evidence shows that the plaintiff was supervised by Dr. Marcelo Bussiki during the critical times relevant to this suit. From time-to-time the plaintiff resisted his supervision and reported various complaints about him to the president of Blinn College. Nevertheless, it was Dr. Bussiki's duty to instruct the plaintiff concerning duty hours and availability to students and matters concerning the terms and conditions of her employment and compensation. However, the plaintiff resisted Dr. Bussiki's supervision and is said to have even ridiculed him and eventually filed a complaint against him.

---

[2] A more detailed statement of facts or background is on file in this case. *See* [DE# 17].

In spite of these unpleasant exchanges, there is no evidence that the plaintiff suffered an adverse employment action as a result of the formal complaint/grievance that she made against Dr. Bussiki. The evidence shows that the plaintiff's complaint was investigated, but found to be unsubstantiated by the campus President. The district President and Board of Directors agreed with his findings. During the course of these events, however, the plaintiff was assigned to another department, yet, her contract was renewed for two years. Finally, the evidence shows that her employment continued through 2016, even though she persisted in her numerous complaints.

The Court finds that the plaintiff has failed to establish a *prima facie* case of retaliation based on her gender. There is no comparative evidence that challenges the defendant proffer in this regard. Even assuming that the plaintiff has succeeded in establishing a *prima facie* case, the defendant has articulated a legitimate, non-retaliatory; non-discrimination reason for its decision. *Le Maire,* 480 F.3d at 388; *Okoye v. Univ. of Tex. Health Sci. Ctr.*, 245 F.3d 507, 512-13, 514 (5th Cir. 2001). And, there is no evidence contradicting its reasons.

The defendant describes the plaintiff as a "rule breaker". She did not complete work timely, failed to interact with her students appropriately and generally engaged in verbal conflict with others. The evidence fails to show that the defendant's reasons for its decision(s) were a pretext for unlawful discrimination. Therefore, the defendant's motion for summary judgment is GRANTED.

It is so Ordered.

SIGNED on this 4th day of May, 2017.

_____
Kenneth M. Hoyt
United States District Judge